UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-4228-MWF (KK) | Date: | June 17, 2016 |
|---|---|---|---|
| Title: | *Kevin Gresham v. Warden CSP-LAC* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Why the Petition Should Not Be Summarily Dismissed as a Second and Successive Petition

## I.
## INTRODUCTION

Petitioner Kevin Gresham ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254 ("Petition"). However, the Petition is a second and successive petition subject to dismissal. Thus, the Court orders Petitioner to show cause why the Petition should not be dismissed.

## II.
## BACKGROUND

### A.   STATE COURT PROCEEDINGS

On August 12, 2008, Petitioner pled no contest to second degree robbery in violation of California Penal Code section 211 and a firearm enhancement within the meaning of California Penal Code section 12022(a)(1) in the Los Angeles Superior Court. ECF Docket No. ("Dkt.") 1,

Pet. at 47-48, 66-67.[1]  Pursuant to his plea negotiation, Petitioner received a sentence of twelve years of imprisonment.  Id. at 66-67.

Petitioner fails to indicate whether he filed any direct appeal, petition for review, or state habeas petition.  See Dkt. 1, Pet.

**B.    FEDERAL COURT PROCEEDINGS**

On May 1, 2014, Petitioner constructively filed[2] a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254 ("2014 Petition") challenging his 2008 conviction and sentence.  See EDCV 14-4453-MWF (KK) (C.D. Cal. filed Jun. 10, 2014).[3]  In the 2014 Petition, Petitioner raised two claims: (1) the waiver used in his plea agreement contained "confusing language;" and (2) his sentence was "procedurally improper."  Id. at Dkt. 1, Pet. at 5.  On January 28, 2015, the Court entered judgment denying the 2014 Petition.  Id. at Dkt. 24, Judgment.

On May 26, 2016, Petitioner constructively filed the instant Petition challenging his 2008 conviction and sentence.  See Dkt. 1, Pet.  The Petition raises three claims: (1) the California Court of Appeal or California Supreme Court caused his petition for writ of mandate to be denied improperly; (2) "Petitioner is serving an illegal sentence;" and (3) the California Supreme Court denied his petition for writ of habeas corpus improperly.  Id. at 4-26.

## II.
## DISCUSSION

"A claim presented in a . . . successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  As for new claims, the United States Supreme Court has held:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner

---

[1] The Court refers to Petitioner's pleadings as if he paginated them consecutively.

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Petitioner signed the 2014 Petition on May 1, 2014.

[3] The Court takes judicial notice of its own records and files.  Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

"shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).

Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).  District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions.  Id.; 28 U.S.C. § 2244(b)(2).

Here, the instant Petition is a second and successive petition.  Like his 2014 Petition, the instant Petition challenges Petitioner's 2008 conviction and sentence.  See Dkt. 1, Pet.  While the instant Petition is based on new claims, the Court lacks jurisdiction to consider the claims because Petitioner has not alleged or shown that he sought and obtained permission from the Ninth Circuit to file a successive habeas petition in this Court to raise any new claims.  See Burton, 549 U.S. at 152-53.  Accordingly, AEDPA bars this Court from entertaining the successive Petition.  See 28 U.S.C. § 2244(b)(1).

## III.
## ORDER

Thus, the Court **ORDERS** Petitioner to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1. File a written response explaining the Petition is not a second and successive petition.  If Petitioner contends the Petition is not a second and successive petition, Petitioner must explain and attach any supporting documents.

2. Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form**.  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

If Petitioner fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss this Petition as a second and successive petition and/or for failure to prosecute and obey court orders.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**